# UNITED STATES DISTRICT COURT

for the

District of Nebraska

FILED
US DISTRICT COURT
DISTRICT OF NEBRASKA

MAR 1 4 2018

OFFICE OF THE CLERK

| In the Matter of the Search of | ) | |
|---|---|---|
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) | Case No. 8:18MJ120 |
| APPLE DESKTOP COMPUTER, MODEL A1418, S/N: C02QD7MCGG77 located at ATF OMAHA FIELD OFFICE | ) ) ) ) | |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

APPLE DESKTOP COMPUTER, MODEL A1418,
S/N: C02QD7MCGG77 located at
ATF OMAHA FIELD OFFICE

located in the _____ District of _____ Nebraska _____, there is now concealed *(identify the person or describe the property to be seized):*

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18:922(g)(3) | Unlawful possession of a firearm by an unlawful user of a controlled substance |
| 18 U.S.C. § 922(a)(6) | Knowing making of false statement in connection with purchase of firearm |
| 26 U.S.C. § 5861(d) | Receipt or possession of an unregistered NFA firearm |
| 18 U.S.C. § 923(a) | Dealing in firearms without a license, pursuant to 27 CFR 478.51 |

The application is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Joseph Miller, ATF
_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 3/14/2018

_____
*Judge's signature*

City and state: Omaha, Nebraska

Michael D. Nelson, U.S. Magistrate Judge
_____
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF **APPLE DESKTOP COMPUTER, MODEL A1418, S/N: C02QD7MCGG77,** CURRENTLY LOCATED AT **ATF OMAHA FIELD OFFICE** | Case No. <u>8:18MJ120</u> |

## <u>AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE</u>

I, Joseph M. Miller, being first duly sworn, hereby depose and state as follows:

1.     I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device—which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2.     Your affiant is employed as a Criminal Investigator with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and have been so employed since November 2016.  Your affiant is currently assigned to the Omaha Field Office within the Kansas City Field Division, and has participated in numerous narcotics and firearms investigations.  As part of training to become a Criminal Investigator, your affiant attended six months of specialized training at the Federal Law Enforcement Training Center in Glynco, Georgia.   During this training, your affiant compounded upon previous knowledge and skills to properly secure and analyze various forms of electronic

1

evidence encountered during law enforcement operations.  Your affiant also received specific training in the determination of probable cause and use of warrants and complaints to enforce federal laws within the ATF's jurisdiction.  As a Criminal Investigator with the ATF my duties include, but are not limited to, conducting criminal investigations concerning violations of the Federal Firearms Laws, Drug Trafficking Laws, and violations of ATF Regulations.  Prior to being employed with the ATF, your affiant was employed with the United States Secret Service – Uniformed Division (USSS-UD) for 7 years.  Duties with the USSS-UD included operating sophisticated computer and camera equipment within the command center, conducting surveillance, making arrests for various offenses to include simple possession of controlled substances, possession of dangerous weapons, and testifying in trial during criminal investigation hearings.  Prior to working for USSS-UD, your affiant attended the University of Nebraska for 4 years and received a Bachelor's of Science in Criminal Justice.

3.      This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## IDENTIFICATION OF THE DEVICE TO BE EXAMINED

4.      The property to be searched is an Apple Desktop Computer, model A1418, bearing serial number C02QD7MCGG77, referred to hereinafter as the "Device."  The Device is currently located at within the evidence vault located at the ATF Omaha Field Office.

5.      The applied-for warrant would authorize the forensic examination of the Device for the purposes of identifying electronically stored data described in Attachment B.

## PROBABLE CAUSE

6.   Based on your affiant's knowledge and experience it is known that many, if not most, Federal Firearms Licensees (FFL) utilize computers and computer hardware for storing and recording their business records to include ATF Firearm Acquisition and Disposition records that they are required to maintain as part of the requirement of the licensee. Joshua R. BARNETT, the individual licensed to do business as Tagonist Custom Gun Works and subject of this investigation, would have extensively used the Device identified by this warrant to conduct day-to-day business and other correspondences which would be evidence of the illicit activities which are under investigation.

7.   The Device is currently in the lawful possession of the ATF.  It came into the ATF's possession in the following way:  On March 08, 2018, ATF Agents of the Omaha Field Office conducted a court-authorized search warrant of Tagonist Custom Gun Works, a local firearms manufacturer and dealer, located at 18111 Q Street, Omaha, NE 68135. The Device was taken as evidence pursuant to the aforementioned search warrant. Therefore, while the ATF might already have all necessary authority to examine the Device, I seek this additional warrant out of an abundance of caution to be certain that an examination of the Device will comply with the Fourth Amendment and other applicable laws.

8.   The Device is currently in storage within the evidence vault located at the ATF Omaha Field Office.  In my training and experience, I know that the Device has been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the Device first came into the possession of the ATF.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

9.    Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time.  Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device.  This information can sometimes be recovered with forensics tools.

10.   There is probable cause to believe that things that were once stored on the Device may still be stored there, for at least the following reasons:

a.  Based on my knowledge, training, and experience, I know that computer files or remnants of such files can be recovered months or even years after they have been downloaded onto a storage medium, deleted, or viewed via the Internet.  Electronic files downloaded to a storage medium can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools.  This is so because when a person "deletes" a file on a computer, the data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data.

b.  Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the storage medium that is not currently being used by an active file—for long periods of time before they are overwritten.  In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

c.  Wholly apart from user-generated files, computer storage media—in particular, computers' internal hard drives—contain electronic evidence of how a computer has

4

been used, what it has been used for, and who has used it. To give a few examples, this forensic evidence can take the form of operating system configurations, artifacts from operating system or application operation, file system data structures, and virtual memory "swap" or paging files. Computer users typically do not erase or delete this evidence, because special software is typically required for that task. However, it is technically possible to delete this information.

d. Similarly, files that have been viewed via the Internet are sometimes automatically downloaded into a temporary Internet directory or "cache."

11. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Virtual memory paging systems can leave traces of information on the storage medium that show what tasks and processes were recently active. Web browsers, e-mail programs, and chat programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords. Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times the

5

computer was in use. Computer file systems can record information about the dates files were created and the sequence in which they were created.

b.   Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c.   A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d.   The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e.   Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

12.   *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but

6

not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

13.     *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

### CONCLUSION

14.     I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Device described in Attachment A to seek the items described in Attachment B.

FURTHER AFFIANT SAYETH NAUGHT

Respectfully submitted,

Joseph M. Miller
Special Agent
Bureau of Alcohol, Tobacco, Firearms and
Explosives

Subscribed and sworn to before me
on March 14, 2018:

MICHAEL D. NELSON
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

The property to be searched is an Apple Desktop Computer, model A1418, bearing serial number C02QD7MCGG77, referred to hereinafter as the "Device." The Device is currently located at within the evidence vault located at the ATF Omaha Field Office.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

1

## ATTACHMENT B

1.   All records on the Device described in Attachment A that relate to violations of 18 U.S.C. § 922(g)(3) – Unlawful possession of a firearm by an unlawful user of a controlled substance, 18 U.S.C. § 922(a)(6) – Knowing making of false statement in connection with purchase of firearm, 26 U.S.C. § 5861(d) – Receipt or possession of an unregistered NFA firearm, 18 U.S.C. § 923(a) – Dealing in firearms without a license, pursuant to 27 CFR 478.51, and involve Joshua R. BARNETT since January 1, 2016, including:

    a.   all ATF FFL Firearms Transaction records;

    b.   lists of customers and related identifying information;

    c.   types, amounts, and prices of firearms as well as dates, places, and amounts of specific transactions;

    d.   any information related to sources of firearms (including names, addresses, phone numbers, or any other identifying information);

    e.   all bank records, checks, credit card bills, account information, and other financial records;

    f.   all video and photographic evidence stored on the Device or transmitted to/from the Device;

    g.   all e-mail correspondences related to firearms transaction and/or work orders;

1

2.      Evidence of user attribution showing who used or owned the Device at the time the

things described in this warrant were created, edited, or deleted, such as logs,

phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" include all of the foregoing items of

evidence in whatever form and by whatever means they may have been created or stored,

including any form of computer or electronic storage (such as flash memory or other media that

can store data) and any photographic form.

2

AO 93  (Rev. 11/13) Search and Seizure Warrant



# UNITED STATES DISTRICT COURT
## for the
### District of Nebraska

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched* | ) | |
| *or identify the person by name and address)* | ) | Case No.   8:18MJ120 |
| APPLE DESKTOP COMPUTER, MODEL A1418, | ) | |
| S/N: C02QD7MCGG77 located at | ) | |
| ATF OMAHA FIELD OFFICE | ) | |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _____Nebraska_____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A (incorporated by reference)

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B (incorporated by reference)

**YOU ARE COMMANDED** to execute this warrant on or before _____March 27, 2018_____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.     ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to ___Michael D. Nelson, United States Magistrate Judge___ .
*(United States Magistrate Judge)*

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*     ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:     *3/14/2018   3:58 p.m.*                    *(Judge's signature)*

City and state:     Omaha, Nebraska                    Michael D. Nelson, United States Magistrate Judge
                                                        *Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.:<br>    8:18MJ120 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

     I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*